# EXHIBIT A-24

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
JEFFREY R. CHANIN - # 103649
jchanin@kvn.com
STEVEN P. RAGLAND - # 221076
sragland@kvn.com
NICHOLAS D. MARAIS - # 277846
nmarais@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Plaintiff SANDISK CORPORATION

**E-FILED**
May 19, 2014 1:16 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-14-CV-262078 Filing #G-63136
By A. Ilas, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

SANDISK CORPORATION,

Plaintiff,

v.

SK HYNIX, INC., SK HYNIX AMERICA, INC., SK HYNIX MEMORY SOLUTIONS and DOES ONE through TEN, inclusive,

Defendants.

Case No. 1:14-CV-262078

**SANDISK CORPORATION'S NOTICE AND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION**

Date: May 20, 2014
Time: 10:00 a.m.
Dept.: 1 (Complex Civil Litigation)
Judge: Hon. Peter H. Kirwan

Date Filed: March 13, 2014

Trial Date: None set

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 20, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard in Department 1 of the Superior Court in and for the County of Santa Clara, 191 North First Street, San Jose, CA 95113, pursuant to Code of Civil Procedure § 527, Rules of Court 3.1200–07, and this Court's Complex Civil Guidelines, Plaintiff SanDisk Corporation ("SanDisk") will appear *ex parte* to seek a temporary restraining order and an order requiring Defendants SK Hynix, Inc., SK Hynix America, Inc. and SK Hynix Memory Solutions (all, collectively, "Hynix") to show cause why a preliminary injunction should not issue pending trial in this action.

The Hynix defendants are represented by John Phillips of Paul Hastings LLP, 55 Second Street, San Francisco, CA 94114; Barry Sher and Maria Douvas of Paul Hastings LLP, 75 East 55th Street, New York, NY 10022; and Robert Masters of Paul Hastings LLP, 875 15th Street, N.W., Washington, DC 20005. Notice of this *ex parte* application was given to Hynix by counsel for SanDisk pursuant to Rule 3.1204 of the California Rules of Court, as set forth in the concurrently filed Declaration of Steven P. Ragland. Hynix's attorneys have indicated that they intend to appear and oppose this application.

By this *ex parte* application, SanDisk seeks a temporary restraining order and hearing on a preliminary injunction requiring Hynix to cease using and return to SanDisk all copies of SanDisk's confidential and trade secret information in its possession, for the reasons set forth in SanDisk's Memorandum of Points and Authorities filed herewith. Specifically, SanDisk hereby requests:

1. A temporary restraining order requiring that:

   a. Hynix shall not use or disclose to any other person, entity, or corporation, directly or indirectly, any confidential, proprietary and/or trade secret information that it currently knows or has reason to know belongs to, originates from, or was developed by, SanDisk and/or SanDisk or Toshiba in their NAND flash memory operations;

   b. Within seven (7) calendar days of the date of the Order, Hynix shall return to

SanDisk, by delivering to its counsel Keker & Van Nest LLP, all copies of all documents containing the information described in section (a) above, provided however that Hynix may, at its own expense, place one additional copy set of such documents labeled "Outside Attorneys Eyes Only" into a secure escrow maintained by an independent third-party consultant, which escrowed documents shall only be available for inspection by outside counsel of record and their experts for purposes of this litigation, pursuant to escrow instructions that the parties shall negotiate in good faith.

c. Hynix shall not use or disclose to any other person, entity, or corporation, directly or indirectly, any confidential, proprietary and/or trade secret information that it knows or has reason to know belongs to, originates from, or was developed by, SanDisk and/or SanDisk or Toshiba in their NAND flash memory operations based upon a diligent search of Hynix's and Hynix's employees' files and records using the following search terms:

- SANDISK
- TOSHIBA
- 'SanDisk' and 'Toshiba' within two words of each other
- 'SanDisk' and 'confidential' within three words of each other
- 'SanDisk' and 'confidential' within three words of each other *32nm*
- SDJD
- SDxxx or SDxxxx
- BIST
- 32nm
- 43nm
- 56nm
- 70nm
- POR
- CExxxx or CExxxxx

- CPxxxx or CPxxxxx
- DExxxx or DExxxxx
- DPxxxx or DPxxxxx

d. Within fourteen (14) calendar days of the date of this Order, Hynix shall return to SanDisk, by delivering to its counsel Keker & Van Nest LLP, all copies of all documents containing the information described in section (c) above, provided however that Hynix may, at its own expense, place one additional copy set of such documents labeled "Outside Attorneys Eyes Only" into a secure escrow maintained by an independent third-party consultant, which escrowed documents shall only be available for inspection by outside counsel of record and their experts for purposes of this litigation, pursuant to escrow instructions that the parties shall negotiate in good faith.

2. An Order to Show Cause why a preliminary injunction should not issue pending the trial of this matter, or further order of this Court, enjoining and imposing the same restriction as set forth above.

This Application is based on the Complaint in this action; the concurrently filed Memorandum of Points and Authorities; the concurrently filed Declarations of Atsuyoshi Koike, Fumitoshi Ito, Hiroaki Hazama and Steven P. Ragland in support of SanDisk Corporation's *Ex Parte* Application for Temporary Restraining Order; other pleadings and files in this action; and such other and further information the Court may require or permit at the hearing.

Good cause exists for granting SanDisk the requested relief. SanDisk is highly likely to succeed on the merits of its claim and will suffer irreparable injury unless the Court grants this temporary restraining order. The requested relief imposes minimal burden on Hynix.

Dated: May 19, 2014 KEKER & VAN NEST LLP

By: */s/ Jeffrey R. Chanin*
JEFFREY R. CHANIN

Attorneys for Plaintiff SANDISK CORPORATION

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
JEFFREY R. CHANIN - # 103649
jchanin@kvn.com
STEVEN P. RAGLAND - # 221076
sragland@kvn.com
NICHOLAS D. MARAIS - # 277846
nmarais@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Plaintiff SANDISK CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

SANDISK CORPORATION,

Plaintiff,

v.

SK HYNIX, INC., SK HYNIX AMERICA, INC., SK HYNIX MEMORY SOLUTIONS and DOES ONE through TEN, inclusive,

Defendants.

Case No. 1:14-CV-262078

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

Date: May 20, 2014
Time: 10:00 a.m.
Dept.: 1 (Complex Civil Litigation)
Judge: Hon. Peter H. Kirwan

Date Filed: March 13, 2014

Trial Date: None set

The *ex parte* application of Plaintiff SanDisk Corporation for a Temporary Restraining Order and an Order to Show Cause why a preliminary injunction should not issue came before this Court for consideration on May 20, 2014. Based upon the parties' submissions to the Court, the applicable law, the relevant pleadings and papers on file in this action, and the arguments of counsel, the Court hereby **GRANTS** SanDisk's Application and ORDERS as follows:

## Order to Show Cause

The Court **ORDERS** that Defendants SK Hynix, Inc., SK Hynix America, Inc., and SK Hynix Memory Solutions (collectively "Hynix") shall appear on ____________, 2014 at _________ in Department 1 of this Court, located at 191 North First Street, San Jose, CA 95113, to show cause why a preliminary injunction should not issue along the following terms pending the trial of this action, or further order of this Court:

1. Hynix shall not use or disclose to any other person, entity, or corporation, directly or indirectly, any confidential, proprietary and/or trade secret information that it currently knows or has reason to know belongs to, originates from, or was developed by, SanDisk and/or SanDisk or Toshiba in their NAND flash memory operations;

2. Within seven (7) calendar days of the date of this Order, Hynix shall return to SanDisk, by delivering to its counsel Keker & Van Nest LLP, all copies of all documents containing the information described in Paragraph 1 above, provided however that Hynix may, at its own expense, place one additional copy set of such documents labeled "Outside Attorneys Eyes Only" into a secure escrow maintained by an independent third-party consultant, which escrowed documents shall only be available for inspection by outside counsel of record and their experts for purposes of this litigation, pursuant to escrow instructions that the parties shall negotiate in good faith.

3. Hynix shall not use or disclose to any other person, entity, or corporation, directly or indirectly, any confidential, proprietary and/or trade secret information that it knows or has reason to know belongs to, originates from, or was developed by, SanDisk and/or SanDisk or Toshiba in their NAND flash memory operations based upon a diligent search of Hynix's and Hynix's employees files and records using the following search terms:

- SANDISK
- TOSHIBA
- ‘SanDisk’ and ‘Toshiba’ within two words of each other
- ‘SanDisk’ and ‘confidential’ within three words of each other
- ‘SanDisk’ and ‘confidential’ within three words of each other *32nm*
- SDJD
- SDxxx or SDxxxx
- BIST
- 32nm
- 43nm
- 56nm
- 70nm
- POR
- CExxxx or CExxxxx
- CPxxxx or CPxxxxx
- DExxxx or DExxxxx
- DPxxxx or DPxxxxx
- DesignManual or ‘Design Manual’

4. Within fourteen (14) calendar days of the date of this Order, Hynix shall return to SanDisk, by delivering to its counsel Keker & Van Nest LLP, all copies of all documents containing the information described in Paragraph 3 above, provided however that Hynix may, at its own expense, place one additional copy set of such documents labeled “Outside Attorneys Eyes Only” into a secure escrow maintained by an independent third-party consultant, which escrowed documents shall only be available for inspection by outside counsel of record and their experts for purposes of this litigation, pursuant to escrow instructions that the parties shall negotiate in good faith.

**Temporary Restraining Order**

The Court, for the purposes of this Temporary Restraining Order ("TRO"), finds that SanDisk has demonstrated a strong likelihood of success on the merits of its misappropriation claims against Hynix and the possibility of irreparable injury to SanDisk. This Court further finds that SanDisk has demonstrated that the balance of harm tips in favor of SanDisk.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Hynix shall not use or disclose to any other person, entity, or corporation, directly or indirectly, any confidential, proprietary and/or trade secret information that it currently knows or has reason to know belongs to, originates from, or was developed by, SanDisk and/or SanDisk or Toshiba in their NAND flash memory operations;

2. Within seven (7) calendar days of the date of this Order, Hynix shall return to SanDisk, by delivering to its counsel Keker & Van Nest LLP, all copies of all documents containing the information described in Paragraph 1 above, provided however that Hynix may, at its own expense, place one additional copy set of such documents labeled "Outside Attorneys Eyes Only" into a secure escrow maintained by an independent third-party consultant, which escrowed documents shall only be available for inspection by outside counsel of record and their experts for purposes of this litigation, pursuant to escrow instructions that the parties shall negotiate in good faith.

3. Hynix shall not use or disclose to any other person, entity, or corporation, directly or indirectly, any confidential, proprietary and/or trade secret information that it knows or has reason to know belongs to, originates from, or was developed by, SanDisk and/or SanDisk or Toshiba in their NAND flash memory operations based upon a diligent search of Hynix's and Hynix's employees files and records using the following search terms:

- SANDISK
- TOSHIBA
- 'SanDisk' and 'Toshiba' within two words of each other
- 'SanDisk' and 'confidential' within three words of each other
- 'SanDisk' and 'confidential' within three words of each other *32nm*

- SDJD
- SDxxx or SDxxxx
- BIST
- 32nm
- 43nm
- 56nm
- 70nm
- POR
- CExxxx or CExxxxx
- CPxxxx or CPxxxxx
- DExxxx or DExxxxx
- DPxxxx or DPxxxxx
- DesignManual or ‘Design Manual’

4. Within fourteen (14) calendar days of the date of this Order, Hynix shall return to SanDisk, by delivering to its counsel Keker & Van Nest LLP, all copies of all documents containing the information described in Paragraph 3 above, provided however that Hynix may, at its own expense, place one additional copy set of such documents labeled “Outside Attorneys Eyes Only” into a secure escrow maintained by an independent third-party consultant, which escrowed documents shall only be available for inspection by outside counsel of record and their experts for purposes of this litigation, pursuant to escrow instructions that the parties shall negotiate in good faith.

**IT IS FURTHER ORDERED THAT:**

This Order to Show Cause and Temporary Restraining Order and supporting papers shall be served on Hynix no later than May 22, 2014 by overnight and electronic mail. Proof of such service shall be filed at least ____ court days prior to the hearing.

Any opposition papers to the Order to Show Cause shall be filed and served on SanDisk by overnight and electronic mail no later than _______________, 2014.

Any reply papers to the opposition shall be filed and served on Hynix by overnight and electronic mail no later than _______________, 2014.

**IT IS SO ORDERED.**

Dated: _______________________

_________________________________
HONORABLE PETER H. KIRWAN
SUPERIOR COURT JUDGE